857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
JORDAN CLINICAL LABORATORIES, and Thomas Truss, Defendants-Appellants.
 No. 86-1716.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendants-appellants Jordan Clinical Laboratories and Thomas Truss were convicted in the district court of conspiracy in violation of 18 U.S.C. Sec. 371 and of eleven counts of paying kickbacks to medical clinics in violation of 42 U.S.C. Sec. 1396h. Jordan and Truss were each fined $32,000, and Truss was sentenced to concurrent terms of five years' imprisonment for each of the twelve counts. Defendants challenge their convictions on the following grounds: (1) governmental misconduct during trial should have resulted in a mistrial; (2) defendants were denied effective assistance of counsel; and (3) evidence presented at trial was insufficient to establish the elements of the offenses charged beyond a reasonable doubt. We affirm the district court judgment on all grounds.
 
 
 2
 Thomas Truss was the owner and manager of Jordan Clinical Laboratories, a blood-testing laboratory. Because Jordan was an approved provider of medical services in the Medicaid insurance program, it charged the Medicaid program for services rendered to eligible Medicaid recipients. The indictment charged that Jordan, Truss, and two Jordan sales representatives, Kenneth Gildon and Elizabeth George,[1] conspired to pay, and did pay, kickbacks to induce bloodwork referrals to Jordan. Truss and Jordan were convicted of paying kickbacks to an employee of Sure Medical Weight Loss Clinic in the form of checks, signed by Truss, on Jordan bank accounts. Truss maintained that although he signed these checks, he was unaware of these payments because he had presigned blank checks and left them in the control of the office manager. Truss and Jordan were also convicted of paying kickbacks to Physician's Clinic, a clinic set up as a part of an FBI undercover operation. As part of this operation, the FBI videotaped meetings between George, an undercover FBI agent, and a FBI operative, including one meeting attended by Truss. Truss acknowledged that he was aware of payments by Jordan to an employee of Physician's Clinic, but he claimed that he believed these payments were proper compensation for services rendered, blood-drawing, by the Physician's Clinic employee for Jordan.
 
 
 3
 Governmental misconduct may be grounds for a new trial if such misconduct is " 'so gross as probably to prejudice the defendant.' " United States v. Ashworth, 836 F.2d 260, 267 (6th Cir.1988) (quoting United States v. Flake, 746 F.2d 535, 542 (9th Cir.1984), cert. denied, 469 U.S. 1225 (1985)). We find that the first alleged act of misconduct, an undercover government agent's deceptive statement that a sting operation participant had no arrest record, did not "probably prejudice" defendants, particularly in light of the trial court's subsequent admission in evidence of the participant's criminal history and the ample opportunity afforded defendants to attack the credibility of the untruthful government witness. Nor do we find that the second alleged act of governmental misconduct, that the prosecutor referred to the defendants as "criminals" in his closing arguments, "probably prejudiced" defendants. After review of the record, we are not satisfied that this allegation accurately characterizes the prosecutor's statements. Even if it does, the trial court's presumption-of-innocence instruction effectively "neutralized" any prejudicial effects such a comment could have had on defendants. See Ashworth, 836 F.2d at 267.
 
 
 4
 Defendants contend that various errors by their counsel, particularly the failure to move timely for severance, denied them effective assistance of counsel. The Supreme Court has established a two-step test for ineffective assistance of counsel challenges: "First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We hold that even if counsel had made a more timely motion for severance, given the district court's rationale in rejecting the severance motion, it does not appear likely that a more timely motion to sever would have been granted. Moreover, upon review of the record we have no reason to conclude that, even had the defendants been tried separately, the results of their trials would have been different. We hold, contrary to the defendants' claim, that the defense counsel's failure to object to the admission of videotaped conversations of a co-defendant as hearsay was not an error: the statements are admissible under Fed.R.Evid. 801(d)(2)(E) as statements by a co-conspirator. We find that the other alleged errors of counsel were reasonable strategy decisions and not deficient performance by counsel.
 
 
 5
 In reviewing defendants' challenges to the sufficiency of the evidence, this court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). After an examination of the record, including the videotape evidence, we hold that based on the evidence, viewed in the light most favorable to the prosecution, a rational jury could have found the elements of the crimes charged beyond a reasonable doubt, including that defendants knowingly and willfully participated in the criminal scheme. We find defendants' contentions that payments were not made to "control" persons and that defendant Truss was incapable of conspiring with defendant Jordan to be without merit.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Gildon and George were acquitted and are not part of this appeal